PEOPLE V GREGORY TAYLOR, No. 152334; Court of Appeals No. 327717. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Jackson Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

*Order Granting Oral Argument in Case Pending on Application for Leave to Appeal Entered June 1, 2016:*

*In re* CONTEMPT OF DORSEY, No. 150298; reported below: 306 Mich App 571. By order of December 23, 2015, the application for leave to appeal the September 9, 2014 judgment of the Court of Appeals was held in abeyance pending the decision in *In re Jones* (Docket No. 152595). On order of the Court, the order granting leave to appeal having been vacated in *In re Jones*, 499 Mich 862 (2016), the application is again considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other action. MCR 7.305(H)(1). The parties shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether the family court lacked subject matter jurisdiction to issue the order compelling the appellant to submit to random drug testing as part of her son's juvenile delinquency proceeding, see MCL 712A.6; *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544-545 (1935); (2) whether Michigan recognizes any other exceptions to application of the collateral bar rule, including (a) lack of opportunity for meaningful appellate review of the January 14, 2011 drug testing order; or (b) the appellant's irretrievable surrender of constitutional guarantees by complying with the drug testing order, see *Maness v Meyers*, 419 US 449; 95 S Ct 584; 42 L Ed 2d 574 (1975); and (3) whether the appellant has properly preserved question (2) for appellate review. The parties should not submit mere restatements of their application papers or their previously filed supplemental briefs.

Persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.